IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| v. | : | |
| SPIRO KASSIS | : | No. 19-449 |

**MEMORANDUM**

PRATTER, J.                                                                                      JULY 30, 2021

Spiro Kassis, proceeding *pro se*, filed an Emergency Motion for Reduction of Sentence and Compassionate Release to Home Confinement. The Court previously denied Mr. Kassis's counseled motion for compassionate release. Because Mr. Kassis's new motion seeks the same relief, the Court construes it as a motion for reconsideration of the Court's February 17, 2021 Memorandum and Order, which denied his motion for compassionate release. The Government opposes. For the reasons that follow, the Court denies Mr. Kassis's motion for reconsideration.

**BACKGROUND**

Mr. Kassis, through counsel, previously filed a motion for compassionate release, stating that he suffers from obesity, Type 2 diabetes, hypertension, and asthma. Mr. Kassis argued that these conditions, and his age, posed an increased risk for complications from COVID-19 and warranted his early release. The Government opposed, arguing that Mr. Kassis's conditions were well-controlled with medication provided by his institution, FCI Schuylkill, and that several complaints Mr. Kassis made to Bureau of Prisons (BOP) medical staff were deemed to be without substance.

The Court acknowledged that several of Mr. Kassis's conditions, as well as his age (68 years old), placed him at an increased risk from severe illness based on then-current guidance from

1

the Centers for Disease Control and Prevention (CDC).[1] However, the Court noted that Mr. Kassis's conditions, including his diabetes, appeared to be well-controlled and that his institution provided medication to him. Mr. Kassis's body mass index, which was slightly over 30, was just above the BMI threshold for obesity, which the CDC considers to be a risk factor. The Court also noted that, according to the CDC, there "might be an increased risk for severe illness from the virus that causes COVID-19," for individuals with hypertension. *United States v. Kassis*, No. 19-cr-449, 2021 WL 620956, at *4 (E.D. Pa. Feb. 17, 2021). Mr. Kassis's mild asthma did not present a CDC risk factor.

The Court explained that Mr. Kassis had not "established that his medical conditions—although perhaps problematic—are not monitored or appropriately managed with medication at FCI Schuylkill." *Id.* Accordingly, the Court found that his conditions did not represent an extraordinary and compelling reason for compassionate release. Furthermore, the Court found that an early release would not align with the 18 U.S.C. § 3553(a) factors. Thus, the Court denied Mr. Kassis's motion for compassionate release.

## LEGAL STANDARD

A court may alter or amend a judgment "if the party seeking reconsideration shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available . . . ; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). Motions for reconsideration are granted sparingly

---

[1] Updated guidance from the CDC now provides that certain conditions "can make you more likely to get severely ill from COVID-19," including, among others, diabetes, obesity, hypertension, and moderate to severe asthma. *People with Certain Medical Conditions*, Centers for Disease Control and Prevention (May 13, 2021), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 30, 2021). However, the CDC's updated guidance does not alter the Court's previous analysis which accounted for these conditions and the risk they posed.

2

because "[f]ederal courts have a strong interest in the finality of judgments." *Roofers Local No. 30 Combined Pension Fund v. D.A. Nolt, Inc.*, 719 F. Supp. 2d 530, 554 (E.D. Pa. 2010), *aff'd*, 444 F. App'x 571 (3d Cir. 2011).

## DISCUSSION

In his motion, which the Court construes as a request for the Court to reconsider its earlier decision, Mr. Kassis again argues that his medical conditions put him at an increased risk of illness from COVID-19. Mr. Kassis states that he tested positive for COVID-19 in January 2021 and that, as a result, he feels "tired all of the time" and lost his "sense of smell and taste until now." Doc. No. 37 at 1. Mr. Kassis complained of fatigue and loss of taste and smell during an April 2021 medical visit. Doc. No. 39 at 3. However, at a more recent checkup about two months later, Mr. Kassis presented no complaints and the BOP medical examiner wrote that Mr. Kassis enjoys working in the garden and "feels like it is good exercise." Doc. No. 39 at 3. Furthermore, notably absent from his motion, is the fact that Mr. Kassis was offered the Pfizer COVID-19 vaccine in February 2021, and he declined it. Doc. No. 39 at 4.

The Court recognizes the serious challenges that COVID-19 continues to pose. However, as the Court previously explained, the BOP has adopted stringent measures to combat the effects of the COVID-19 pandemic as to inmates and staff members. This year, the BOP has also been administering COVID-19 vaccines throughout its facilities, with over 200,000 total doses administered.[2]

FCI Schuylkill currently houses 1,100 inmates. *See FCI Schuylkill*, Federal Bureau of Prisons, available at https://www.bop.gov/locations/institutions/dan (last visited July 30, 2021).

---

[2] This data is current as of July 30, 2021, according to the BOP website, available at https://www.bop.gov/coronavirus.

As of July 30, 2021, there are zero COVID-positive inmates and zero COVID-positive staff members at FCI Schuylkill.[3] During the pandemic, 505 inmates and 73 staff members at FCI Schuylkill have recovered from COVID-19; there have been no COVID-19 related deaths.[4] Additionally, 595 inmates and 137 staff members at FCI Schuylkill have now been fully vaccinated against COVID-19.[5]

The Court does not take lightly Mr. Kassis's health conditions. But, as the Court previously explained, Mr. Kassis's conditions do not represent extraordinary and compelling circumstances that would justify a reduction in his sentence. Furthermore, as noted in his BOP medical records and in an attachment to his motion, Mr. Kassis's conditions are being appropriately treated and he is receiving medication for his diabetes, hypertension, and asthma. Doc. No. 37 at 24. Additionally, as of his June 2021 medical visit, Mr. Kassis's BMI has decreased due to weight loss, and his vital signs were normal. Doc. No. 39 at 3.

Although Mr. Kassis tested positive for COVID-19 earlier this year, he has since recovered. As this Court has previously held, recovery from COVID-19, and the immunity that it may provide, does not constitute an extraordinary and compelling reason for early release. *United States v. Wiltshire*, No. 11-cv-310, 2020 WL 7263184, at *6 (E.D. Pa. Dec. 9, 2020) (noting that "the risk of reinfection after a prior positive test for COVID-19 is not a basis for compassionate release").

---

[3]   *Id.*

[4]   *Id.* FCI Schuylkill has completed 1,089 COVID-19 tests for inmates, of which 520 returned positive results. *Id.*

[5]   *Id.*

Moreover, Mr. Kassis no longer appears to be experiencing fatigue related to his prior infection and has regained his sense of taste and smell.[6]

As stated above, Mr. Kassis has also refused to be vaccinated against COVID-19. He was offered the Pfizer COVID-19 vaccine in February 2021 and declined. Doc. No. 39 at 4. Of course, Mr. Kassis is well within his rights to voluntarily refuse medical treatment. However, Mr. Kassis cannot now claim that the threat posed by COVID-19 represents an extraordinary and compelling reason warranting his early release. *See United States v. Jackson*, No. 07-cr-40-2, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021) (denying compassionate release for 58-year-old inmate with several medical conditions who refused Moderna COVID-19 vaccine and "voluntarily declined to 'provide self-care' and mitigate her risk of a severe COVID-19 infection"). If the Court was to hold that the mere refusal to be vaccinated represents an extraordinary and compelling reason to warrant release, then inmates would be incentivized to refuse vaccinations. This would be contrary to any good sense considerations of the detained individuals' or society's well-being.

Additionally, Mr. Kassis's contention that "he is terrified of dying in prison" rings somewhat hollow in light of his affirmative choice to refuse a highly-effective vaccine.[7] Doc. No. 37 at 3. *See United States v. Ortiz*, No. 18-cr-264, 2021 WL 1422816, at *4 (E.D. Pa. Apr. 15, 2021) (noting that defendant "cannot simultaneously claim that he must be released because of the risk of complications while refusing a vaccine that could virtually eliminate that risk") (quoting *United States v. Jackson*, No. 15-cr-260(7), 2021 WL 806366, at *2 (D. Minn. Mar. 3, 2021)).

---

[6] Mr. Kassis's motion is dated May 2021. At his June 2021 medical visit, he presented no complaints.

[7] The Court takes notice that the Pfizer-BioNTech COVID-19 vaccine received emergency-use authorization from the FDA based on its finding that the two-dose vaccine was 95% effective in clinical trials in preventing infection. Pfizer-BioNTech COVID-19 Vaccine, FDA Decision Memorandum (Dec. 11, 2020), available at https://www.fda.gov/emergency-preparedness-and-response/coronavirus-disease-2019-covid-19/pfizer-biontech-covid-19-vaccine (last visited July 30, 2021).

Mr. Kassis also contends that "it is impossible for [him] to follow the CDC's recommendations to protect himself from exposure to this highly transmissible disease." Doc. No. 37 at 17. However, the CDC recommends that all "[u]nvaccinated people . . . get vaccinated" because "[g]etting vaccinated prevents severe illness, hospitalizations, and death." *See Your COVID-19 Vaccination*, Centers for Disease Control and Prevention (May 24, 2021), available at https://www.cdc.gov/coronavirus/2019-ncov/vaccines/your-vaccination.html (last visited July 30, 2021). The Court cannot logically conclude that it is impossible for Mr. Kassis to follow the CDC's recommendations aside from the fact that he purposely chooses not to.

Even if Mr. Kassis had demonstrated extraordinary and compelling circumstances based on his personal conditions, the Court still finds that early release is not warranted in light of the 18 U.S.C. § 3553(a) factors. When considering a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a court may reduce a term of imprisonment if (1) "extraordinary and compelling reasons" warrant the sentence reduction, (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) consideration of the ordinary sentencing factors under 18 U.S.C. § 3553(a) favors reduction. A court considers multiple factors under 18 U.S.C. § 3553(a), including but not limited to "(1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed . . . (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; [and] (C) to protect the public from further crimes of the defendant."

The Court's consideration of the § 3553(a) factors necessitates a denial of Mr. Kassis's motion. He has failed to show how releasing him at this point would align with the statutory sentencing factors, notably the seriousness of his offense, the need to promote respect for the law,

the need to provide just punishment for the offense, and the need to deter others from similar criminality. *See* 18 U.S.C. § 3553(a). Indeed, Mr. Kassis has not presented any new information that would alter the Court's prior analysis.

Mr. Kassis abused his position as a medical doctor by selling prescriptions for controlled substances to drug dealers and those addicted to drugs. These were serious crimes that harmed the community and led to at least two deaths. As the Court previously explained, at the time he committed these crimes, Mr. Kassis "was of a similar age and in similar health as he is now." *Kassis*, 2021 WL 620956, at *4. Mr. Kassis also contends that his sentence should be reduced to 24 months and that he should be permitted to serve the remainder of his sentence on home confinement.[8] However, at this time, Mr. Kassis still presents a danger to the community. An early release or reduction in sentence simply would not provide a just punishment or serve as a deterrent to others. *See United States v. Pawlowski*, 967 F.3d 327, 331 (3d Cir. 2020) (finding district court reasonably concluded that early release was not justified where defendant committed "extraordinarily serious" crimes that required a "significant period of incarceration").

Mr. Kassis also has not yet served the majority of his sentence. He has served approximately 12 months, or 25%, of his 48-month sentence. An early release would be contrary to the § 3553(a) factors. *See, e.g., United States v. Shulick*, No. 16-cr-428, 2020 WL 3250584, at *5 (E.D. Pa. June 16, 2020).

Nothing in Mr. Kassis's motion for reconsideration has convinced the Court of a need to correct a clear error of law or fact or to prevent a manifest injustice. He does not currently present

---

[8] To the extent Mr. Kassis seeks release to home confinement, the Court notes that "Congress did not provide the courts with the authority to release inmates into home confinement" as "[t]his discretion rests solely with the Attorney General and the BOP Director." *United States v. Pettiway*, No. 08-cr-129, 2020 WL 3469043, at *2 (E.D. Pa. June 25, 2020).

7

an extraordinary or compelling reason to justify release. And despite his concerns about the threat of COVID-19, Mr. Kassis made the conscious decision to decline vaccination.[9] Furthermore, an analysis of the § 3553(a) factors shows that Mr. Kassis's early release would not meet the statutory sentencing factors.

## CONCLUSION

For the foregoing reasons, the Court denies Mr. Kassis's motion for reconsideration of the denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). An appropriate order follows.

BY THE COURT:

*/s/ Gene E.K. Pratter*
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[9] As represented by the Government, should Mr. Kassis change his mind, he can submit a request to BOP medical staff to be vaccinated.